**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

**CIVIL CASE NO. 3:08cv370**

| | |
|---|---|
| **DAMION HURTH,** )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>**BRADMAN LAKE GROUP a/k/a** )<br>**LANGLEY HOLDINGS Plc, and** )<br>**BRADMAN LAKE, INC.,** )<br>)<br>**Defendants.** )<br>)<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Remand [Doc. 7].

The Plaintiff filed this action on July 17, 2008 in the Mecklenburg County General Court of Justice, Superior Court Division, asserting a federal claim under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e, *et seq.*, and state law claims for violations of the North Carolina Retaliatory Employment Discrimination Act, N.C. Gen. Stat. §§95-240, *et seq.*, wrongful discharge, breach of contract, tortious interference with contract, intentional and/or negligent infliction of emotional distress,

and "vicarious liability." [Doc. 1-2 at ¶¶30-64]. The Defendant were served with the Plaintiff's Complaint on or about July 21, 2008. [Doc. 1 at ¶3]. The Defendants filed a Notice of Removal on August 15, 2008, based upon the federal question presented by the Plaintiff's Title VII claim. [Doc. 1].

The Plaintiff now moves for remand, arguing without any citation of legal authority, that the Plaintiff's state law claims may not be removed in the absence of diversity jurisdiction. [Doc. 7 at 2].

In the present case, the Defendants properly removed this action based upon the federal question presented by Plaintiff's Title VII claim. See 28 U.S.C. §1331; 28 U.S.C. §1441(a). The existence of a federal claim entitled the Defendants to remove this action, regardless of the citizenship of the parties. See 28 U.S.C. §1441(b).

A review of the Complaint filed in this action shows that the Plaintiff's state law claims clearly arise out of the same case or controversy as the Plaintiff's federal claim. Accordingly, this Court has supplemental jurisdiction over the Plaintiff's state law claims. See 28 U.S.C. §1367(a). While a district court may decline to exercise supplemental jurisdiction over state law claims under certain circumstances, see 18 U.S.C. §1367(c), the

Plaintiff has not presented any reason why the Court should exercise its discretion and decline supplemental jurisdiction in this case.

Plaintiff's counsel is admonished that all filings with this Court are required to have a reasonable basis in law and fact. Plaintiff's argument on this motion, made without citation to any authority and apparently at odds with all authority on the point, is arguably unsupported by any reasonable basis in law. All parties should avoid such questionable practices.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Motion to Remand [Doc. 7] is **DENIED**.

**IT IS SO ORDERED.**

Signed: October 15, 2008

Martin Reidinger
United States District Judge